1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THERESA BROOKE,

Plaintiff,

v.

GRAND HYATT SF LLC,

Defendant.

Case No.  19-cv-07630-MMC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND DECLARE PLAINTIFF VEXATIOUS LITIGANT; DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Before the Court is defendant Grand Hyatt SF LLC's "Motion to Dismiss Complaint and Declare Plaintiff a Vexatious Litigant," filed March 3, 2020.  Plaintiff Theresa Brooke has filed opposition,[1] to which defendant has replied.  Having read and considered the parties' respective written submissions, the Court rules as follows.[2]

In her complaint, plaintiff alleges she "went online to [d]efendant's website to rent rooms," that she "wanted to rent [d]efendant's Executive Suite or Presidential Suite," but that she "did not reserve the room" as neither suite is "ADA accessible."  (See Compl. ¶ 10.)  Based on said allegations, plaintiff asserts a claim under the Americans With Disabilities Act ("ADA"), as well as a state law claim under the Unruh Civil Rights Act.

**A.  Dismissal of Complaint**

Defendant seeks dismissal of both claims asserted in the complaint.

_____

[1]Plaintiff's "opposition" consists of a statement that, rather than file an opposition in this action, she has incorporated by reference her opposition to a motion to dismiss filed in another case, specifically, Brooke v. IA Lodging Santa Clara LLC, Case No. 19-7558 NC.

[2]By order filed April 23, 2020, the Court took the matter under submission.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 1. ADA Claim

Defendant argues plaintiff's ADA claim is subject to dismissal for lack of standing and for failure to state a claim. As set forth below, the Court finds the ADA claim is subject to dismissal on both of those grounds.

First, as to standing, an ADA claim is subject to dismissal at the pleading stage where the plaintiff does not allege what "barriers" exist at the defendant's place of business and "how his disability was affected by them." See Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 954 (9th Cir. 2011) (directing district court to dismiss complaint for lack of standing, where plaintiff alleged he "encountered architectural barriers" at defendant's store but "never allege[d] what those barriers were"). Here, although plaintiff alleges that neither of the two suites she sought to reserve is "ADA accessible" (see Compl. ¶ 10) and that each has a "barrier" or "barriers" (see Compl. ¶ 15), plaintiff fails to allege any facts to support her conclusory statements, i.e., she has not alleged "what those barriers were," let alone how her "disability was affected by them." See Chapman, 631 F.3d at 954.

Second, even assuming, arguendo, defendant's Presidential Suite and Executive Suite are in some manner inaccessible, the ADA does not require a hotel "to offer an accessible and non-accessible version of the same room type," such as "a Presidential Suite"; rather, a hotel must "dispers[e]" accessible rooms "among the various classes of guests rooms" it offers. See Brooke v. Rihh LP, 2020 WL 788889, at *4 (N.D. Cal. February 18, 2020). Put another way, a hotel must offer "comparable, not identical, choices for guests with accessibility needs." See id. Consequently, plaintiff's ADA claim is subject to dismissal, as plaintiff fails to allege facts to support a finding that defendant's other suites, none of which she asserts are inaccessible, are not "comparable" to the suites she contends are inaccessible. See id.

Accordingly, plaintiff's ADA claim will be dismissed, with leave to amend to cure the deficiencies identified above.

//

1

### 2. Unruh Civil Rights Act Claim

2       The Court's jurisdiction over plaintiff's state law claim is supplemental in nature.

3   (See Compl. ¶ 5 (citing 28 U.S.C. § 1367).)

4       Where, as here, the district court will "dismiss all claims over which it has original

5   jurisdiction," the district court may decline to exercise supplemental jurisdiction over the

6   remaining state law claims.  See 28 U.S.C. § 1367(c)(3).  In this instance, as the case

7   remains at the pleading stage, and there are no apparent considerations weighing in

8   favor of retaining jurisdiction over the state law claim, the Court finds it appropriate to

9   decline to exercise supplemental jurisdiction as to said claim.

10       Accordingly, plaintiff's state law claim will be dismissed, without prejudice to filing

11  in state court, or, in the event plaintiff amends her ADA claim, to realleging it in the instant

12  action.[3]

13  **B.  Vexatious Litigant**

14       Defendant argues plaintiff is a vexatious litigant and should be subject to a pre-

15  filing order limiting her ability to file in the future any complaint asserting ADA claims.

16  (See Def.'s Mot. at 15:20-22.)  In support thereof, defendant notes plaintiff has filed in the

17  past four and a half years hundreds of actions alleging ADA claims (see Def.'s Req. for

18  Judicial Notice Ex. 17), including, in this District, sixteen recently filed actions against

19  other hotels (see id. Exs. 1-16).[4]

20       Before a district court may issue an order finding a litigant to be vexatious and

21  imposing pre-filing restrictions, (1) "the litigant must be given notice and a chance to be

22  heard," (2) "the district court must compile an adequate record for review," (3) "the district

23  court must make substantive findings about the frivolous or harassing nature of the

24  plaintiff's litigation," and (4) "the vexatious litigant order must be narrowly tailored to

25  _____

26       [3]Should plaintiff elect to amend her ADA claim, she may also amend her state law
    claim.

27       [4]Defendant has provided a copy of the complaint filed in each of those sixteen
28  actions.  (See id.)

closely fit the specific vice encountered."  See Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007) (internal quotations and citation omitted).

Here, the record presently before the Court is insufficient to support a vexatious litigant order.  The Court has reviewed the dockets of the sixteen cases plaintiff recently filed in this District, and notes that none has been resolved on its merits; although some have been dismissed, no finding of frivolousness or harassment was made in connection with any such dismissal.[5]  Further, the Court has not been provided with any documents pertaining to the other cases plaintiff has filed.  Lastly, although the Court will dismiss the instant action, the Court, as noted, will afford plaintiff leave to amend, and, consequently, it is, at best, premature to determine at this time whether the instant action is frivolous or harassing.

Accordingly, defendant's request for an order finding plaintiff a vexatious litigant will be denied.

## CONCLUSION

For the reasons stated above, defendant's motion is hereby GRANTED in part and DENIED in part, as follows:

1.  To the extent the motion seeks dismissal of the complaint, the motion is GRANTED, and the complaint is DISMISSED with leave to amend.  Any First Amended Complaint shall be filed no later than May 22, 2020.

2.  To the extent the motion seeks an order finding plaintiff a vexatious litigant, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: April 30, 2020

MAXINE M. CHESNEY
United States District Judge

_____

[5]Half of the sixteen cases have been voluntarily dismissed, five unilaterally by plaintiff and three by stipulation; one case was dismissed by the district court for failure to prosecute after plaintiff did not appear at two case management conferences.  The Court has no information as to the circumstances underlying the voluntary dismissals, and the other seven cases remain pending.