IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GRAND HYATT SF LLC,<br><br>　　　　　Defendant. | Case No. 19-cv-07630-MMC<br><br>**ORDER DENYING STIPULATION OF DISMISSAL** |

The Court is in receipt of the parties' "Stipulation of Dismissal With Prejudice," as well as a proposed order approving the stipulation, both filed October 5, 2020.

By order filed May 7, 2020, the Court dismissed plaintiff's complaint without further leave to amend. That same date, the Clerk of Court entered judgment and plaintiff filed a notice of appeal. On July 21, 2020, plaintiff filed a "Notice of Settlement."

As plaintiff's appeal of the judgment remains pending before the Court of Appeals for the Ninth Circuit,[1] this Court lacks jurisdiction to approve the parties' stipulation. In particular, the stipulation, although not expressly acknowledging such request, necessarily asks the Court to vacate the judgment, as, unless the judgment is set aside, there are no claims to dismiss. See Crateo, Inc. v. Intermark, Inc., 536 F.23d 862, 869 (9th Cir. 1976) (holding where appeal from judgment is "pending," district court has "no jurisdiction" to vacate judgment).

Moreover, even if the Court had jurisdiction to consider the stipulation, the parties

---

[1] It appears plaintiff has not filed the Notice of Settlement with the Court of Appeals.

1  have failed to show the stipulation should be approved.  Specifically, "mootness by
2  reason of settlement does not justify vacatur of a judgment."  See U.S. Bancorp Mortgage
3  Co. v. Bonner Mall Partnership, 513 U.S. 18, 29 (1994).  Rather, vacatur of a judgment
4  may be granted only upon a showing of "exceptional circumstances," which
5  circumstances must be more than "the mere fact that the settlement agreement provides
6  for vacatur," see id., and, in this instance, the parties have failed to identify any reason for
7  their implicit request for vacatur of the judgment.

8  Accordingly, the parties' request for entry of an order of dismissal is hereby
9  DENIED.

10  **IT IS SO ORDERED.**

12  Dated: October 9, 2020

MAXINE M. CHESNEY
United States District Judge